P. STERLING KERR, ESQ.
Nevada Bar No. 03978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: taylor@sterlingkerrlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NFC RING, INC., a California Corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>KERV WEARABLES LTD, a United Kingdom Limited Corporation,<br><br>  Defendants. | Case No.: 2:16-cv-02441-GMN-GWF<br><br>**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND SETTING HEARING DATE FOR MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff NFC RING, INC. (hereinafter "NFC") has moved *ex parte* for a Temporary Restraining Order, Seizure Order and a Preliminary Injunction, pursuant to Federal Rules of Civil Procedure, Rule 65, the Patent Act, 35 U.S.C. § 283, and Local Rule of Civil Practice 7-5. NFC alleges that Defendant KERV WEARABLES LTD (hereinafter "Kerv") is distributing, promoting, and offering to sell products branded as "Kerv Ring," including at the 2016 Money 20/20 Show (hereinafter "Money 20/20") in Las Vegas Nevada, which infringe NFC's U.S. Pat. No. 9,313,609 (hereinafter the "Patent"). NFC further alleges that Defendant has willfully copied NFC's patented technology and product design, and that NFC will be

irreparably harmed if the Court does not provide immediate injunctive relief to stop Defendant's infringing activities.

## **FINDINGS AND CONCLUSIONS**

The Court, having duly considered NFC's Complaint, Emergency Motion and Supporting Memorandum for Entry of Temporary Restraining Order, Seizure Order and Preliminary Injunction, declarations and exhibits submitted therewith, makes the following preliminary findings and conclusions:

1. This Court has jurisdiction over this matter and over the Defendant. In addition, this Court is a proper venue for this action and the Defendant has been properly served or will be served as discussed more fully herein.

2. Plaintiff is likely to succeed in showing that the Patent that is appended to the Complaint as Exhibit A, is owned or licensed by NFC, is valid, and is enforceable, and that Defendant has promoted and is making, offering for sale, selling and/or importing into the United States products that infringe the Patent.

3. Specifically, NFC is likely to succeed on their patent infringement claims against Defendant's "Kerv Ring" products and colorable imitations thereof (the "Accused Products").

4. It appears to the Court that Defendant is a United Kingdom-based manufacturer of commercial products and, with the exception of its temporary presence in the United States during Money 20/20, and does not have a regular place of business or assets in the United States. Further, Defendant is likely to offer the infringing products for sale at Money 20/20, and then leave the United States. It also appears likely that, absent a grant of the requested relief, Defendant will use its efforts at Money 20/20 to fulfill orders, import the infringing products, and sell those products to customers in the United States.

5. Absent an *ex parte* temporary restraining order, Defendant's promotion and offers for sale of the Accused Products will result in immediate and irreparable injury to NFC in the form of lost market share, loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with NFC's ability to exploit the Patent. Further, because Defendant has no apparent presence in the United States, it may be difficult or impossible for NFC to recover a monetary judgment against Defendant.

6. It appears to the Court based on NFC's representations that NFC has made reasonable efforts to notify Defendant of its infringement and the likelihood that NFC would seek court intervention, but that Defendant has not responded to NFC's communications.

7. The harm to NFC in denying the requested temporary restraining order outweighs the harm to the legitimate interests of Defendant from granting such relief.

8. The public interest weighs in favor of granting NFC the requested temporary restraining order.

9. Defendant is currently exhibiting products evidencing Defendant's willful patent infringement alleged in the Complaint at Money 20/20 taking place October 23-26, 2016 in Las Vegas, Nevada. To prevent irreparable harm to NFC, the Court believes it is appropriate to prevent Defendant from exhibiting and offering for sale these products at Money 20/20. Because of Money 20/20 this week, this relief can only be granted immediately and on an emergency basis, without delaying to provide formal notice and an opportunity to appear to Defendant.

///

///

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED** that pending a decision by the Court on NFC's application for preliminary injunction, Defendant and its officers, agents, servants, employees, and attorneys, and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing NFC's Patent at Money 20/20 in Las Vegas Nevada from October 23-26, 2016. Specifically, Defendant is hereby temporarily restrained from:

1. Making, using, selling, offering to sell, and importing into the United States commercial products that infringe U.S. Pat. No. 9,313,609 and colorable imitations thereof, including but not limited to Defendant's "Kerv Ring" products, by: (a) offering to sell or selling such products to customers in the United States in any manner; or (b) offering to sell or selling such products at Money 20/20 in Las Vegas, Nevada from October 23-26, 2016;

2. Processing any payment (regardless of how the payment is made) for the sale of any of the accused products identified or encompassed by paragraph 1 above;

3. Transferring, moving, returning, destroying, or otherwise disposing of (a) any of the accused products identified or encompassed by paragraph 1 above, or (b) any other evidence of Defendant's illegal activities, including, without limitation, documents in any form or format and any portable media device (such as, but not limited to, CDs, DVDs, flash drives, cell phones, PDAs, hard disk drives, laptop computers, and memory cards), relating to infringement of NFC's U.S. Pat. No. 9,313,609 except pursuant to the Seizure Order below (collectively, "Evidence").

**IT IS HEREBY FURTHER ORDERED** that, in accordance with the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide

final equitable relief, any web hosting company, domain name registry, and/or domain name registrar having notice of the Court's Order must (1) take any and all action necessary to remove the infringing products from websites having content controlled by Defendant, or alternatively to disable access to the website; and (2) provide notice of compliance to NFC's counsel within ten (10) business days of receipt of notice of this Order.

**IT IS HEREBY FURTHER ORDERED** that Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order.

### SEIZURE ORDER

**IT IS HEREBY ORDERED** that Evidence (as defined above in paragraph 3 of the Court's Temporary Restraining Order) shall be seized by the United States Marshals Service, assisted by one or more attorneys or representatives of NFC, at any booth rented or occupied by Defendant at Money 20/20 as soon as practicable during the period of October 23-26, 2016. The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, briefcases, and containers of any type or nature to locate and identify Evidence to be seized. Attorneys and other representatives of NFC must accompany the United States Marshals Service during the seizure to identify the Evidence to be seized. NFC counsel must itemize and take possession of the seized Evidence, provide a copy of the inventory to the United States Marshals Service, and file the inventory with the Court. In addition, NFC's counsel may record the contents of Defendant's Money 20/20 booth(s) and Evidence by photographic, audio, and/or videographic means during the seizure action. The United States Marshals Service shall not retain custody of seized Evidence but shall ensure that the Evidence is placed in the custody of NFC's counsel. NFC agrees to indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause

of action, damage, loss or injury arising from the execution of the seizure described in this Order. Additional official(s) representing NFC may effectuate or assist with this Order as may be required.

**IT IS HEREBY FURTHER ORDERED** that Defendant must provide any passwords necessary to access any electronically stored documents or electronic devices containing Evidence.

**IT IS HEREBY FURTHER ORDERED** that access to any seized Evidence will be limited to NFC's outside counsel and contractors retained by NFC's outside counsel to copy, image and translate such evidence until five (5) days after entry of this Order, or as otherwise ordered by the Court, to enable Defendant the opportunity to respond and seek an appropriate protective order with respect to any confidential information or trade secrets.

## ADDITIONAL ORDERS

**IT IS HEREBY FURTHER ORDERED** that NFC shall deposit with the Clerk of the Court the amount of TEN THOUSAND UNITED STATES DOLLARS ($10,000) pursuant to LR 65.1-2 to serve as sufficient security for the payment of any damages Defendant may be able to recover as a result of a wrongful seizure. To the extent Defendant believes that additional security is necessary pursuant to Rule 65(c), Defendant shall file an application to the Court and provide notice to counsel for NFC by <u>3:00 p.m. on Tuesday, October 25, 2016</u>.

**IT IS HEREBY FURTHER ORDERED** that a preliminary injunction hearing is set for **Thursday, November 3, 2016**, at the hour of **10:00 a.m.**, in Courtroom **7D** before the Honorable **Gloria M. Navarro, United States District Judge**. Defendant shall file and serve any opposition to NFC's motion for a preliminary injunction

- 6 -

by **3:00 p.m. on Tuesday, October 25, 2016**. NFC shall file and serve any reply in support of their motion for a preliminary injunction by **3:00 p.m. on Monday, October 31, 2016**.

**IT IS HEREBY FURTHER ORDERED** that this Order and the Summons and Complaint (and all supporting documents) must be served upon Defendant in person, if found at Money 20/20, and by other means reasonably calculated to give Defendant notice of this action, which shall include (a) via e-mail to the e-mail address provided by Defendant on its website (http://kerv.com/): hello@kerv.com, and (b) via international FedEx to the postal address provided by Defendant: 316 Beulah Hill, London, SE19 3HF.

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED this \_\_20\_\_ day of October, 2016.